IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| AMERICAN WOODMARK CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:09CV344-HEH |
| | ) |
| LA-Z-BOY INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
### (Granting Defendants' Motion to Dismiss in part)

THIS MATTER is before the Court on a Motion to Dismiss (Dk. No. 9), filed on June 22, 2009, by Defendants La-Z-Boy Inc. ("La-Z-Boy") and England, Inc. ("England") (collectively "Defendants"). The parties have filed extensive memoranda stating their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Motion will be granted in part, and Counts Two through Nine will be dismissed without prejudice. La-Z-Boy's motion to be dismissed as a defendant in Count One will be denied.

### I. BACKGROUND

In the Complaint, Plaintiff alleges that it manufactures kitchen and bathroom cabinets in the United States and markets them through several major divisions and brands. Since 1997, Plaintiff has marketed a line of kitchen cabinets, bathroom cabinets,

and bathroom vanities under its Shenandoah Cabinetry brand using federally registered marks that include the word "Grove." Since 2000, the Grove mark has been used to identify a line of cabinets that feature a solid, raised center panel on the cabinet door. Plaintiff manufactures the Grove line in different wood species or finishes and markets the cabinets under different marks depending on the wood or finish used. For example, cabinets in the Grove line made of maple are marketed under the "Maple Grove" mark.

In January 2008, Plaintiff expanded its Grove line to offer cabinets made of cherry and marketed the cabinets under the Cherry Grove mark. On September 21, 2007, before it first used the mark, Plaintiff filed an intent-to-use application with the U.S. Patent and Trademark Office ("PTO") to register the Cherry Grove mark. The PTO rejected Plaintiff's application on the ground that it would likely cause confusion with the Cherry Grove mark owned by La-Z-Boy Greensboro, Inc. ("Greensboro") for use on a line of furniture manufactured by its American Drew division. Plaintiff alleges that Greensboro uses its Cherry Grove mark on American Drew's line of 18th-century replica furniture, which includes bedroom, living room, and dining room furniture. Plaintiff also alleges that Greensboro does not use the Cherry Grove mark on kitchen or bathroom cabinets.

Upon learning of the PTO's rejection of its application, Plaintiff's counsel contacted Defendants' counsel, proposing that the parties enter into a consent agreement enabling Plaintiff to continue its use of the Cherry Grove mark. La-Z-Boy's counsel

rejected Plaintiff's proposal and demanded that Plaintiff cease using the Cherry Grove mark. In response, Plaintiff filed its Complaint, seeking a declaration against La-Z-Boy and Greensboro that Plaintiff's use of the Cherry Grove mark does not infringe on the registered Cherry Grove mark owned by Greensboro.

Plaintiff also asserts, "in the alternative," claims of infringement and unfair competition against La-Z-Boy and England in Counts Two through Nine. Specifically, Plaintiff alleges that it is the registered owner of the "Devon," "Tacoma," "Designer's Choice," and "Charleston" marks, which it uses for its kitchen cabinets, bathroom cabinets, and bathroom vanities. Plaintiff alleges that La-Z-Boy offers recliners and other upholstered furniture products under the Devon, Tacoma, and Designer's Choice marks and that England offers upholstered furniture under the Charleston mark. Plaintiff also alleges that neither La-Z-Boy nor England uses these marks with its permission. Plaintiff asserts these claims of infringement and unfair competition against La-Z-Boy and England only "[i]n the event that it is determined that [Plaintiff's] use of the CHERRY GROVE mark on kitchen and bathroom cabinetry products creates the likelihood of confusion with Defendants' asserted rights in the CHERRY GROVE mark." (Compl., ¶ 46.)

Defendants filed their Motion to Dismiss asserting that Counts Two through Nine should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure because

3

they are not ripe and do not present a justiciable controversy. Defendants maintain that Plaintiff has not alleged any past or present infringement on its marks by Defendants. Instead, Defendants contend that Plaintiff merely alleges that, if it is found to be infringing on Greensboro's Cherry Grove mark, La-Z-Boy and England are then infringing on Plaintiff's Devon, Tacoma, Designer's Choice, and Charleston marks. Defendants also assert that La-Z-Boy is an improper party under Count One because it is not the registered owner of the Cherry Grove Mark.

## II. ANALYSIS

### A. Defendants' Motion to Dismiss Counts Two through Nine

On a motion to dismiss pursuant to Rule 12(b)(1), the party asserting jurisdiction—the plaintiff in this case—has the burden of proving subject-matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* "[T]he nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

Under Article III of the United States Constitution, the Court's authority is limited to deciding only justiciable "cases" and "controversies." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937). A justiciable case or controversy can be distinguished from a hypothetical dispute because it is "definite and concrete." *Id.* It cannot be of an "abstract character" or seek "an opinion advising what the law would be upon a hypothetical state of facts." *Id.* Defendants maintain that Counts Two through Nine are not justiciable because they are not ripe for decision.

In conducting a ripeness review, the Court must determine "'the fitness of the issues for judicial decision' and 'the hardship to the parties of with-holding court consideration.'" *Retail Indus. Leaders Assoc. v. Fielder*, 475 F.3d 180, 188 (4th Cir. 2007). The Supreme Court of the United States has held that "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998). Thus, an issue is ripe if it is predominantly legal and does not depend on undeveloped facts or the potential occurrence of future events. *Fielder*, 475 F.3d at 188; *Newport News Shipbuilding & Drydock Co. v. Dir., Office of Workers' Comp. Programs*, 474 F.3d 109, 112 (4th Cir. 2006). "In assessing hardship, [the Court should] examine the immediacy and degree of hardship the party seeking relief will suffer if adjudication is delayed." *Newport News Shipbuilding*, 474 F.3d at 112.

Rule 18 of the Federal Rules of Civil Procedure provides that "[a] party may join two claims even though one of them is contingent on the disposition of the other." Fed. R. Civ. P. 18(b). Under the auspices of this provision in Rule 18, Plaintiff asserts Counts Two through Nine against La-Z-Boy and England only "in the event that it is determined that [Plaintiff's] use of the CHERRY GROVE mark on kitchen and bathroom cabinetry products creates a likelihood of confusion with Defendants' asserted rights in the CHERRY GROVE mark." (Compl., ¶ 46.) Defendants assert that Plaintiff's infringement and unfair competition claims are not ripe for decision because Plaintiff is not alleging any past or present infringement or unfair competition by La-Z-Boy or England. In other words, Defendants maintain that, only if Plaintiff is determined to have infringed on the Cherry Grove mark, does Plaintiff contend that La-Z-Boy and England have infringed on Plaintiff's Devon, Tacoma, Designer's Choice, and Charleston marks. Thus, Defendants argue that Counts Two through Nine are unripe because Plaintiff bases its claim on a future event that may or may not occur. The Court agrees.

Plaintiff insists that Counts Two through Nine are contingent on the legal determination of the likelihood of confusion in Count One as allowed by Rule 18. If Plaintiff's use of the Cherry Grove mark is found to result in the likelihood of confusion with the use of the same mark by La-Z-Boy and Greensboro, Plaintiff contends that the use of its Devon, Tacoma, Designer's Choice, and Charleston marks by La-Z-Boy and

England will also result in the likelihood of confusion. Resolution of the confusion issue in Count One, however, does not, on the facts alleged, necessarily give rise to Counts Two through Nine.

Count One arises out of Plaintiff's use of the Cherry Grove mark on wooden kitchen and bathroom cabinets and the use of the Cherry Grove mark by La-Z-Boy and Greensboro on wooden, bedroom and dining room furniture manufactured and marketed by the American Drew division. Counts Two through Nine, however, arise out of Plaintiff's use of the Devon, Tacoma, Designer's Choice, and Charleston marks on wooden, kitchen and bathroom cabinets and the use of the same marks by La-Z-Boy and England on recliners and upholstered furniture. Thus, a finding of likelihood of confusion in Count One does not necessarily lead to a similar finding in Counts Two through Nine. Counts Two through Nine involve different marks, different products, and different manufacturers. Accordingly, the Court finds that Counts Two through Nine are not "contingent" on the resolution of Count One as contemplated by Rule 18.

Two cases cited by Plaintiff in support of its position make this clear. In *Vars v. Int'l Bhd. of Boilermakers*, 204 F. Supp. 245 (D. Conn. 1962), a former union officer, who had been expelled from membership, filed an action to have his membership rights restored. *Id.* at 246. Subsequently, the plaintiff sought leave to file an amended complaint that would include an additional claim under 29 U.S.C. § 462. *Id.* The

7

defendant objected to the amended complaint on the ground that a claim under 29 U.S.C. § 462 could only be pursued by a union member, a status for which the plaintiff no longer qualified. *Id.* at 247. The court overruled the defendant's objection and allowed the plaintiff to file his amended complaint because his § 462 claim was directly contingent on the resolution of his membership status. *See id.* at 248–49.

In *United States v. Cisco Aircraft, Inc.*, 54 F.R.D. 181 (D. Mont. 1972), the United States filed suit against a contractor and its insurer. *Id.* at 181–82. The insurer moved to dismiss the claim against it based on a Montana law providing that an insurer is not liable to a person injured by the insured until the insured's liability has been adjudicated. *Id.* at 182. The court denied the insurer's motion because Rule 18 allows a plaintiff to plead contingent claims in the same action. *Id.* The Court reasoned that the insurer's liability was sufficiently intertwined with the adjudication of the insured's liability to plaintiff to allow it to pursue both claims simultaneously under Rule 18. *See id.*

In *Vars* and *Cisco Aircraft*, the resolution of the threshold claim directly impacted the viability of the contingent claim. In *Vars*, a legal determination of the plaintiff's union membership rights was essential to the plaintiff's assertion of his claim under 29 U.S.C. § 462. If his membership rights were restored, he could pursue his § 462 claim; if he was denied reinstatement, his § 462 claim would be moot. Likewise, a finding in *Cisco Aircraft* that the government contractor was liable to the plaintiff would trigger the

insurer's liability; a finding of no liability would absolve the insurer of liability. Thus, the resolution of the threshold claims in *Vars* and *Cisco Aircraft* validated or negated the contingent claims.

As explained above, Counts Two through Nine are not contingent on the resolution of Count One because the resolution of Count One does not directly impact the legal viability of Counts Two through Nine. Plaintiff may pursue Counts Two through Nine regardless of the disposition of Count One because Counts Two through Nine are independent claims involving four unrelated trademarks and different entities. Instead, the resolution of Count One only impacts Plaintiff's motivation in pursuing Counts Two through Nine. If Plaintiff prevails on Count One, it has stated that it will not pursue Counts Two through Nine, but, if Count One fails, Plaintiff will then pursue Counts Two through Nine against La-Z-Boy and England. The Court does not believe that these are the type of "contingent" claims contemplated by Rule 18.

At present, Counts Two through Nine are not ripe for decision. Thus, Counts Two through Nine fail to state justiciable claims against La-Z-Boy and England. Accordingly, Defendants' Motion to Dismiss will be granted, and Counts Two through Nine will be dismissed without prejudice.

B.   **Defendants' Motion to Dismiss La-Z-Boy as a Defendant in Count One**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

9

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that, to survive a motion to dismiss, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint achieves facial plausibility when it contains sufficient factual allegations to support a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief," but, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief'" as required by Rule 8(a)(2). *Iqbal*, 129 S. Ct. at 1950.

La-Z-Boy asserts that it should be dismissed as a defendant in Count One of the Complaint because it is not the registered owner of the Cherry Grove mark. Defendants also contend that the Complaint concedes this point and alleges that Greensboro is the registered owner of the Cherry Grove mark. But, the Complaint actually alleges, on information and belief, that the Cherry Grove mark is owned or controlled by both La-Z-Boy and Greensboro and that Defendants use the mark on a line of furniture

manufactured by the American Drew division. Moreover, Plaintiff alleges that counsel for La-Z-Boy, not Greensboro, demanded that it cease using the Cherry Grove mark. Assuming these factual allegations are true and construing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff has sufficiently stated a claim against La-Z-Boy to survive a motion to dismiss under the standard articulated in *Twombly* and *Iqbal*. Accordingly, La-Z-Boy's motion to be dismissed as a defendant in Count One will be denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Counts Two through Nine will be granted, and those Counts will be dismissed without prejudice. La-Z-Boy's motion to be dismissed as a defendant in Count One will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this **28** day of **July 2008**.
Richmond, VA